John J. Thompson, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
john.t@joneslawnyc.com

**Jones**
Law Firm P.C

July 5, 2019

**Via ECF Filing**

The Honorable Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

      Re:    *Varn v. Orchestrade, Inc.,*
              Case No. 1:19-cv-02875-MKB-RML

Dear Judge Brodie:

      We represent Plaintiff Liam Varn ("Mr. Varn") in the above-referenced action. In accordance with Your Honor's Individual Practices and Rules, we write in response to the June 25, 2019 letter motion submitted on behalf of Defendant Orchestrade, Inc. ("Orchestrade") and Hakim Erhili ("Mr. Erhili") (collectively "Defendants") requesting a pre-motion conference to discuss a motion to dismiss.

      We submit that the majority of the arguments raised by Defendants in describing their proposed motion to dismiss can only properly be considered on a motion for summary judgment or at trial, including: (1) whether or not a hiring party fits the relevant definition of an employer under a particular statute, (2) whether an employer can carry their burden of showing that an exemption applies under a particular labor law, and (3) whether a party did in fact timely object to an invoice in an account stated claim. However, we concede that Defendant Erhili is entitled to a prima facie showing that jurisdiction exists over him, and Plaintiff is prepared to do that.

    **I.**    **This Court Has Jurisdiction Over Mr. Erhili.**

      Should Defendants' proposed motion be made, Plaintiff will make a prima facie showing that general and/or long-arm jurisdiction exists over Mr. Erhili because he is CEO of Orchestrade and exercised "final decision making authority" over Orchestrade's conduct with regards to the Plaintiff, and because Mr. Erhili transacted business in New York by recruiting and regularly interacting with the Plaintiff. *Brady v. Basic Research, L.L.C.,* 101 F. Supp. 3d 217, 231-32 (E.D.N.Y. 2015) (finding an adequate showing of personal jurisdiction where individual defendant

was alleged to be CEO of co-defendant company "with final decision making authority" over matters related to the claim at issue).

### II. Plaintiff Has Stated a Claim for Relief Under NYLL or FIFA.

Defendants propose a motion to dismiss Plaintiff's claims under the NYLL with a variety of arguments that require a factual basis, and are thus premature. Plaintiff has alleged that "[a]t all relevant times, Orchestrade and Mr. Erhili were Plaintiff's employers within the meaning of New York Labor Law" (Compl. at ¶ 17) along with more detailed allegations to support this conclusion, such as the fact that Defendants set Mr. Varn's compensation and monitored his activities through its Customer Relationship Management (CRM) system. Compl. at ¶¶ 12, 20-21, 30-32. This is enough to plead an employer relationship under the NYLL. *See, e.g., Neil v. Sidney W. Barbanel Consulting Eng'r, LLC*, No. 12 CV 4061 (SJ) (RLM), 2014 U.S. Dist. LEXIS 110759, at *7-8 (E.D.N.Y. Aug. 11, 2014) (denying motion to dismiss where allegations that defendants hired plaintiff and set pay and assignments were "sufficient to state a plausible claim that Plaintiff was an employee of the Defendants."); *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 207 (S.D.N.Y. 2014) (same, noting that the challenges to employer status are usually confronted "*after* discovery but, at this stage, plaintiffs need only plead enough facts to state a claim to relief that is plausible on its face."); *Atakhanova v. Home Family Care Inc.*, No. 16 CV 6707 (KAM)(RML), 2019 U.S. Dist. LEXIS 27126, at *9 (E.D.N.Y. Feb. 19, 2019) ("[W]hether or not [defendant] was plaintiffs' employer is a merits-based question not properly before the court at this time."). Moreover, the agreement between the parties describing Gray Matter as an independent contractor is not dispositive of this issue. *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 232 (2d Cir. 1995) (An individual's employment status is not determined solely by the label used in the hiring contract).

It is likewise premature for Defendants to attempt to dismiss this case based on arguments about exemptions or subcategories of the NYLL that may or may not apply, because these are burden-shifting defenses, and Plaintiff can plead a NYLL claim without having to refute them at this stage. *See, e.g., Gayvoronskaya v. Americare, Inc.*, No. 15-CV-6641-DLI-SJB, 2018 U.S. Dist. LEXIS 208232, at *9 (E.D.N.Y. Mar. 26, 2018) ("[T[he availability of an exemption to FLSA or NYLL is an affirmative defense; as a consequence, a plaintiff like Fialko does not in a complaint need to allege the exemption is not applicable.") citing *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 91 n.7 (2d Cir. 2013) (noting that an employers' argument that an exemption or carve-out to a labor law claim applies is "an affirmative defense" and that "the employer bears the burden of proof in making any such claim").

Defendants' arguments about FIFA are without merit based on a plain language reading of the statute. Notwithstanding Defendants' selective quoting, FIFA explicitly defines "freelance worker" to include "any natural *person or any organization composed of no more than one natural person, whether or not incorporated* or employing a trade name, that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation." NYC Administrative Code 20-927 (emphasis added). Gray Matter Inc is composed of no more than one natural person: Liam Varn. Defendants' other argument for dismissal of the FIFA claims—that the exception for individuals covered by NYLL 191-a—is also futile at this stage, as this argument would necessarily imply that Defendants are liable under the NYLL, turning the standard for alternative claims pleading on its head.

www.joneslawnyc.com

Page 02

### III.     Plaintiff Has Stated A Claim to Relief Under His Common Law Claims.

While Defendants are correct in noting that Plaintiff cannot *ultimately* recover both on contract claims and on quasi-contract claims of unjust enrichment and quantum meruit, their argument is premature in a motion to dismiss, because "[a]t the pleading stage, Plaintiff is not required to guess whether it will be successful on its contract, tort, or quasi-contract claims." *St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 183 (E.D.N.Y. 2010) (denying motion to dismiss plaintiff's unjust enrichment and quantum meruit claims as duplicative of contract claims, and noting that to dismiss such claims would be inconsistent with FRCP 8(d), which holds that "[a] party may state as many separate claims or defenses as it has, regardless of consistency."); *see also Mgr Meats, Inc. v. Schweid*, No. 10-CV-3068 (MKB), 2012 U.S. Dist. LEXIS 181481, at *24 (E.D.N.Y. Dec. 21, 2012) (Brodie, J.) (denying motion to dismiss alternative quasi-contract claims and noting that under New York law, "a plaintiff may proceed upon a theory of quasi-contract as well as breach of contract and will not be required to elect his or her remedies.") (quoting *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 867 N.Y.S.2d 169, 180 (App. Div. 2008)).

Plaintiff has also clearly and adequately alleged an account stated claim.  In another attempt to end-run a summary judgment motion, Defendants state that "Plaintiff knew that Defendants disputed his last invoice before Plaintiff filed his Complaint."  This goes well beyond the pleadings and is not a basis for a motion to dismiss.  Plaintiff has alleged that it presented statements of accounts due pursuant to the agreement between the parties, and that the Defendants did not dispute or object to them. Compl. at ¶¶ 23, 33, and 70.  This is sufficient to state a claim for account stated, and Defendants must submit evidence to support their claim that the accounts were disputed or objected to within a reasonable time. *See, e.g., Saeco Vending, S.P.A. v. Seaga Mfg.*, No. 15-cv-3280 (AJN), 2016 U.S. Dist. LEXIS 58432, at *17-18 (S.D.N.Y. Jan. 28, 2016) (motion to dismiss account stated claim denied where plaintiff alleged that defendant "accepted the invoices and did not dispute them within the 30-day period described in the contract.").

Based on the foregoing, we respectfully request that the Court deny Defendants' request to schedule a pre-motion conference and deny the relief requested.

Sincerely,

John J. Thompson, Esq.