IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

LIAM VARN,

      Plaintiff,

      v.

ORCHESTRADE, INC. and HAKIM ERHILI,

      Defendants.

-----------------------------------------------------------x

Civil Action No. 1:19-cv-02875

## DEFENDANTS' ANSWER AND DEFENSES TO THE COMPLAINT

Defendants Orchestrade, Inc. ("Orchestrade") and Hakim Erhili (collectively, "Defendants"), by and through their attorneys, Berg & Androphy, answer the Complaint of Plaintiff Liam Varn ("Plaintiff") dated April 23, 2019 (the "Complaint," Dkt. No. 1-2), as follows:

1. Defendants deny the allegations in Paragraph 1 of the Complaint, except admit that this is a civil action.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint insofar as they suggest that Orchestrade's principal offices are located at 11 East 44th Street, Suite 405, New York, New York 10017. Orchestrade's principal offices are located at 155 Bovet Road, Suite 201, San Mateo, California, 94402.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states legal conclusions to which no response is required.

7. Paragraph 7 of the Complaint is a legal conclusion to which no response is required.

## FACTS

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint and state that the terms of the Services Agreement with Gray Matter Inc. (the "Services Agreement"), a copy of which appears on the Court's docket (Dkt. No. 11-1), speak for themselves.

10. Defendants deny the allegations in Paragraph 10 of the Complaint, but admit that the Agreement states that "Liam Varn, President of Gray Matter Inc., will act as Head of U.S. Sales for Orchestrade."

11. Defendants deny the allegations in Paragraph 11 of the Complaint, but admit that the Agreement states:

> Liam Varn's responsibilities will include, but not be limited to,
> - generation of new sales opportunities in the Americas,
> - account management of existing US client base, and
> - hiring and training of all US sales and presales staff.

12. Defendants deny the allegations in Paragraph 12 of the Complaint and state that the terms of the Agreement speak for themselves.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint and state that the terms of the Agreement speak for themselves.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint insofar as they state the reason why Plaintiff sent the November 29, 2018 email.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint and state that the terms of the Agreement speak for themselves.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint and state that the terms of the Agreement speak for themselves.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint insofar as they state the reason why Plaintiff sent the November 29, 2018 email.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

**FIRST CAUSE OF ACTION: FAILURE TO PAY WAGES**
**(NYLL §§ 650 et seq., 190(1), 191, 198(1-a))**

37-47. Defendants do not need to respond to Paragraphs 37-47 of the Complaint as they address a cause of action that was dismissed by this Court in its March 30, 2020 Memorandum and Order (the "Decision," Dkt. No. 24).

**SECOND CAUSE OF ACTION: UNLAWFUL PAYMENT VIOLATION**
**(FIFA, New York City Administrative Code §§ 20-929, 20-933(b)(3))**

48. Defendants repeat and re-allege their responses to every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint and state that the statute cited therein speaks for itself.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint and state that the statutes cited therein speak for themselves.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

### THIRD CAUSE OF ACTION: QUANTUM MERUIT

55-62. Defendants do not need to respond to Paragraphs 55-62 of the Complaint as they address a cause of action that was dismissed by this Court in its Decision.

### FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT

63-67. Defendants do not need to respond to Paragraphs 63-67 of the Complaint as they address a cause of action that was dismissed by this Court in its Decision.

### FIFTH CAUSE OF ACTION: ACCOUNT STATED

68-72. Defendants do not need to respond to Paragraphs 68-72 of the Complaint as they address a cause of action that was dismissed by this Court in its Decision.

### HEADINGS AND TITLES

To the extent necessary, Defendants deny any allegations made in any of the headings and/or titles of the Complaint.

### WHEREFORE CLAUSE

Defendants deny that Plaintiff is entitled to any of the relief that he seeks in his WHEREFORE clause.

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

The Complaint fails by application of the doctrines of waiver, consent, acquiescence, estoppel, ratification and/or unclean hands.

## THIRD DEFENSE

Plaintiff's remaining claim under the New York City Freelance Isn't Free Act ("FIFA") claims fail because Plaintiff does not fall within the categories of persons protected under that statute.

DATED: April 13, 2020
New York, New York

BERG & ANDROPHY

By: /s/ Jenny H. Kim

Jenny H. Kim (jkim@bafirm.com)
Emily Burgess (eburgess@bafirm.com)
120 West 45th Street, 38th Floor
New York, New York 10036
Tel: (646) 766-0073
Fax: (646) 219-1977

*Attorneys for Defendants Orchestrade, Inc. and Hakim Erhili*