# BERG & ANDROPHY
A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

HOUSTON        NEW YORK

JENNY H. KIM
jkim@bafirm.com

TEL (646) 766-0078
FAX (646) 219-1977

April 22, 2020

**VIA CM/ECF**

Honorable Robert M. Levy
Theodore Roosevelt Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Varn v. Orchestrade, Inc. et al.*, No. 1:19-cv-02875-MKB-RML

Dear Judge Levy,

  We represent Defendants Orchestrade, Inc. ("Orchestrade") and Hakim Erhili (collectively, "Defendants") in the above-captioned action. We write to request permission to file a motion to limit initial discovery in this action to the issue of whether Plaintiff Liam Varn ("Plaintiff" or "Varn") solicited orders in New York because evidence on that issue will dispose of Plaintiff's remaining claim in this action.

  In a Memorandum and Order dated March 30, 2020 (the "Decision," Dkt. No. 24), Judge Margo K. Brodie ("Judge Brodie") granted Defendants' motion to dismiss (the "Motion to Dismiss," Dkt. No. 19) all of Plaintiff's claims but one. Judge Brodie dismissed Plaintiff's claims for violation of New York Labor Law ("NYLL") § 191, quantum meruit, unjust enrichment and account stated for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and sustained Plaintiff's claim under the New York City Freelance Isn't Free Act ("FIFA"), N.Y.C. Admin. Code § 20-927 *et seq.* (Decision at 33)

  In sustaining Plaintiff's FIFA claim, Judge Brodie held that if it could be shown that Plaintiff solicited orders in New York, Plaintiff's FIFA claim would also be dismissed. Specifically, Judge Brodie noted that FIFA's definition of "the term 'freelance worker' does *not include* '[a]ny person who, pursuant to the contract at issue, is a sales representative as defined in [§] 191-a of the [NYLL].'" (Decision at 21 (emphasis added; quoting N.Y.C. Admin Code § 20-927)) and that "[p]er the statute, '[a] sales representative is an independent contractor who '*solicits orders in New York state*[.]'" (*Id.* at 22 (emphasis added; quoting *Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 491 (S.D.N.Y. 2009) (citing NYLL § 191-a(d)).

  In determining whether Plaintiff was a "sales representative" and thus, excluded from FIFA, Judge Brodie found that Plaintiff was an independent contractor based on "the explicit language of the Services Agreement" between Varn's company, Gray Matter Inc., and Orchestrade. (Decision at 23 (citing Services Agreement, Dkt. No. 11-1, at 3))

BERG & ANDROPHY

Hon. Robert M. Levy
April 22, 2020
Page 2

However, because Judge Brodie was limited on the Motion to Dismiss to the "allegations in the Complaint" and "the terms of the Services Agreement," and because "Plaintiff d[id] not allege that he solicited orders in New York[,]" Judge Brodie could not determine whether "Plaintiff was a sales representative within the meaning of [§] 191-a." (*Id.* at 24); *see also Oxford Techs., Inc. v. East/West Indus., Inc.*, 2019 WL 5696184, at *8 (E.D.N.Y. July 24, 2019) (dismissing claim under NYLL § 191-c and finding plaintiff was not a sales representative because plaintiff "failed to allege any facts demonstrating that it 'solicited' orders for [defendant] in New York"); *cf. Organicnaturalsnacks.com, LLC v. United Natural Foods, Inc.*, 2016 WL 1275049, at *6 (N.D.N.Y. Mar. 31, 2016) (finding plaintiff plausibly alleged a § 191-b claim based on his status as a "sales representative" because plaintiff "solicited orders from prospective New York State customers from its New York office on [d]efendant's behalf").

In issuing her decision, Judge Brodie made clear that evidence demonstrating that Varn "was a sales representative under NYLL [§] 191-a" would "preclude[] [Varn] from asserting a claim under FIFA." (Decision at 24) In other words, Judge Brodie recognized that evidence showing Varn solicited orders in New York (and thus, was a sales representative) would be dispositive of Varn's FIFA claim, the sole remaining claim in this action.

It is indisputable that Plaintiff solicited orders in New York. In fact, Plaintiff's counsel effectively conceded that Plaintiff had done so, incorrectly arguing before Judge Brodie that in order to fall within NYLL § 191's definition of "sales representative," a person or entity must *only* solicit orders in New York. (Pl.'s Mem. in Opp'n, Dkt. No. 22, at 12) NYLL § 191 contains no such requirement. *See, e.g.*, *Organicnaturalsnacks.com, LLC*, 2016 WL 1275049, at *2 (finding plaintiff was a "sales representative" when it "solicited orders 'under the contract from its Columbia County office and also solicited orders under the contract from New York-based customers'"). It is sufficient that the solicitation of orders in New York is among the person or entity's responsibilities, as was clearly the case here.

Further, when the parties met and conferred on April 16, 2020 to discuss, among other things, Defendants' request to limit discovery to this one issue, Plaintiff's counsel did not deny that Varn solicited orders in New York, because he could not. Indeed, in a document in which Plaintiff listed the businesses he purportedly solicited for Orchestrade (Varn's Feb. 20, 2019 Demand Letter to Orchestrade, Dkt. No. 22-2, at 3, 10-11; *see also* Compl., Dkt. No. 1-2, ¶¶ 30, 32, 34), at least 16 of the businesses were businesses that Plaintiff solicited in New York. Further, Defendants have conclusive documentary evidence – which Defendants are ready to produce – which demonstrates that Plaintiff repeatedly solicited orders in New York.

Knowing all of this, during the April 16 meet and confer, Plaintiff's counsel asserted that "it didn't matter" because if Plaintiff's FIFA claim was dismissed, he could still assert a claim under NYLL §§ 191-a-c. However, no such claim has been alleged in this action. Further, as Plaintiff's counsel conceded earlier in the meet and confer, Plaintiff does not have a claim under NYLL §§ 191-a-c because those statutes only apply to manufacturers of goods who distribute products for wholesale. It is undisputed that Orchestrade does not manufacture goods or

**BERG & ANDROPHY**

Hon. Robert M. Levy
April 22, 2020
Page 3

distribute products for wholesale.  (Orchestrade is a financial software company that "sells" subscriptions to its software.)

Regardless, Plaintiff cannot ask for unfettered discovery based on a claim he has not even asserted.  Indeed, as Plaintiff's counsel knows, it is highly unlikely that Plaintiff will be granted leave to amend his Complaint to assert claims under NYLL §§ 191-a-c because, as noted above, Orchestrade does not "engage in the business of manufacturing, let alone the manufacture, production, importation, or distribution of products for wholesale."  *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).

Accordingly, Defendants respectfully request that discovery be bifurcated and that the initial phase be limited to the issue of whether Varn solicited orders in New York.  *See Walker v. City of New York*, 2018 WL 1686102, at *4 (E.D.N.Y. Mar. 30, 2018) ("Bifurcation is appropriate when the resolution of a single issue may resolve the case and render trial . . . unnecessary.")  Following such discovery, Defendants will move for summary judgment dismissing Plaintiff's sole remaining claim on the grounds that Varn solicited orders in New York and is therefore "a sales representative under NYLL [§] 191-a . . . precluded from asserting a claim under FIFA."  (Decision at 24)

Sincerely,

*/s/*  Jenny H. Kim

Jenny H. Kim


cc: All Counsel of Record (*via CM/ECF*)