

# THOMPSON & SKRABANEK, PLLC

NEW YORK

42 W. 38TH STREET, SUITE 1002, NEW YORK, NY 10018 | (646) 568-4280 | CONTACT@TS-FIRM.COM

April 23, 2020

<u>VIA CM/ECF</u>

To:   Honorable Robert M. Levy
      Theodore Roosevelt Courthouse
      225 Cadman Plaza East
      Brooklyn, New York 11201

Re:   **Varn v. Orchestrade, Inc. et al., No. 1:19-cv-02875-MKB-RML**

Dear Judge Levy,

      We represent Plaintiff Liam Varn ("Mr. Varn") in the above-captioned action. We submit this letter in opposition to Defendants' request to file a motion to limit initial discovery, made by letter dated April 22, 2020 ("Request," Dkt. No. 28).

      Defendants' Request grossly mischaracterizes the Court's Memorandum and Order dated March 30, 2020 (the "Decision," Dkt. No. 24). Defendants' Request states that "Judge Brodie held that if it could be shown that Plaintiff solicited orders in New York, Plaintiff's FIFA claim would also be dismissed." Request, at *1. But there is nothing at all in the Decision to support that "holding." Instead, the Decision states: "the Court finds that Plaintiff was not a sales representative as defined by FIFA and section 191 of the NYLL." Decision, at 25. Defendants' description of what "Judge Brodie held" is so far beyond any defensible reading of the Decision that it toes the line between misinterpretation and a lack of candor to the tribunal.

      Indeed, Judge Brodie's finding that "Plaintiff was not a sales representative as defined by FIFA and section 191 of the NYLL" (Decision, at 25) was not based on an absence of evidence, as the Request implies. Request at *2 ("Judge Brodie *could not determine* whether 'Plaintiff was a sales representative within the meaning of [§] 191-a.'") (emphasis added). In reality, the Court's finding was supported by a detailed analysis of not only the pleadings but also undisputed facts and documentary evidence, as follows:

> Moreover, neither the allegations in the Complaint nor the terms of the Services Agreement suggest that Plaintiff was a sales representative under NYLL section 191-a and therefore precluded from asserting a claim under FIFA.

Decision, at 24. With Seussian logic, Defendants' Request takes this "no" to mean "yes"—splicing this excerpt to conclude that "Judge Brodie made clear that evidence demonstrating that Varn 'was a sales representative under NYLL [§] 191-a' would 'preclude[] [Varn] from asserting a claim under FIFA.'". Request, at *1.

The Decision continues:

> Although the Services Agreement states that Plaintiff's responsibilities included the "generation of new sales opportunities in the Americas," it did not indicate that Plaintiff was responsible for specifically soliciting sales within New York. (Sales Agreement 1.) The language that Plaintiff was responsible for the "generation" of "sales opportunities" in "the Americas" does not support a finding that Plaintiff solicited orders in New York State to make him a sales representative. [Citing cases]
>
> **Because Plaintiff does not allege that he solicited orders in New York there is nothing in the record to suggest that Plaintiff was a sales representative within the meaning of the section 191-a.** [Citing cases]

Decision, at 24 (emphasis added). Yet again, Defendants assert this passage means the opposite of what it says. *See* Request, at *1 ("It is indisputable that Plaintiff solicited orders in New York.").

The Decision continues to express a clear finding—based on both the pleadings as well as documentary evidence—that Plaintiff has stated a FIFA claim and his claims do not fall under FIFA's "Sales Representative" exception:

> Accepting as true Plaintiff's allegations that he was paid a monthly retainer for his "generation of new sales opportunities in the Americas," **and in light of the Services Agreement's explicit statement that Plaintiff is not an employee and the absence of any indication that Plaintiff specifically solicited sales in New York, the Court finds that Plaintiff was not a sales representative as defined by FIFA and section 191 of the NYLL.** [Citing cases]
>
> In addition, because Plaintiff alleges that he had a contract to perform freelance services, pursuant to which Defendants have failed to fully compensate him for the services he rendered, the Court finds that Plaintiff has plausibly stated a claim for relief under FIFA. See N.Y.C. Admin Code §§ 20-927, 20-929.

Decision, at 24-25 (emphasis added).

2

      Furthermore, Defendants' Request raises numerous arguments about the Freelance Isn't Free Act (FIFA) that Defendants' already made in their Motion to Dismiss. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss, Dkt. No. 10, at 8-13. These arguments were fully briefed, considered by the Court, and explicitly rejected. The Court's finding is now law of the case. *See, e.g., United States v. Catholic Health Sys. of Long Is. Inc*, 2018 WL 3825906 (E.D.N.Y. 2018) (Brodie, J.) (rejecting arguments that had already been raised in a prior motion to dismiss under the law of the case doctrine, which "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law . . . A court should therefore be loathe to revisit an earlier decision").

      The Decision plainly does not limit discovery nor imply that limitations are necessary. If Judge Brodie had thought limiting discovery was necessary, she would have ordered it, as she has in rulings on numerous past motions to dismiss. *See, e.g., Siino v City of New York*, 2020 WL 1861865, at *1 (E.D.N.Y. Apr. 14, 2020); *In re ALB-GOLD Teigwaren GmbH*, 2019 WL 4140852, at *7 (E.D.N.Y. 2019); *Jacobs v New York City Dept. of Educ.*, 2015 WL 7568642, at *5 (E.D.N.Y. 2015).

      Nor has Plaintiff "ask[ed] for unfettered discovery based on a claim he has not even asserted." Request, at *3. Plaintiff has not yet had an opportunity to ask for any discovery whatsoever. If Defendants feel that any of Plaintiff's forthcoming discovery requests are unduly broad or otherwise improper, Defendants should object to those requests once they are made and through the appropriate procedural vehicles.

      The Court's Decision is clear about which claims are dismissed and which may proceed to discovery. The Decision is also clear in rejecting Defendants' arguments about application of FIFA's exception for those covered by NYLL 191-a. Defendants' Request is frivolous and should be denied.

Sincerely,

John J. Thompson, Esq.
THOMPSON & SKRABANEK, PLLC
42 W. 38th Street, Suite 1002,
New York, NY 10018
T: (646) 568-4280 ext. 701
M: (206) 920-3018
jt@ts-firm.com