**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIAM VARN,<br><br>                    *Plaintiff,*<br><br>      v.<br><br>ORCHESTRADE, INC., and HAKIM<br>ERHILI,<br><br>                    *Defendants.* | **Case No. 1:19-cv-02875-MKB-RML**<br><br><br>**[PROPOSED] STIPULATED<br>CONFIDENTIALITY AND<br>PROTECTIVE ORDER** |

Robert M. Levy, U.S. Magistrate Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties," and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order, including without limitation, the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order, will adhere to the following terms:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

1

pursuant to this Order, no person subject to this Order may disclose such Confidential

Discovery Material to anyone else except as expressly permitted hereunder.

2.  The Party or person producing or disclosing Discovery Material (each, a "Producing

Party") may designate as Confidential if it reasonably and in good faith determines that

such document or information contains trade secrets, proprietary information,

competitively sensitive information, financial information, or other information the

disclosure of which would be detrimental to the conduct of that Party's business or the

business of any of that Party's customers or clients.

3.  With respect to the Confidential portion of any Discovery Material other than deposition

transcripts and exhibits, the Producing Party or its counsel may designate such portion as

"Confidential" by stamping or otherwise clearly marking the document as "Confidential"

in a manner that will not interfere with legibility or audibility.

4.  A Producing Party or its counsel may designate deposition exhibits or portions of

deposition transcripts as Confidential Discovery Material by notifying the reporter and all

counsel of record, on the record or in writing, within 30 days after a deposition has

concluded, of the specific pages and lines of the transcript that are to be designated

"Confidential," in which case all counsel receiving the transcript will be responsible for

marking the copies of the designated transcript in their possession or under their control

as directed by the Producing Party or that Party's counsel.  During the 30-day period

following a deposition, all Parties will treat the entire deposition transcript as if it had

been designated "Confidential."

5.  If at any time before the trial of this action a Producing Party realizes that it should have

designated as "Confidential" some portion(s) of Discovery Material that it previously

2

produced without limitation, the Producing Party may so designate such material by notifying all prior recipients in writing.  Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as:

   a) a waiver by a Party or person of its right to object to any discovery request;

   b) a waiver of any privilege or protection; or

   c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   a) the Parties to this action,

   b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

   c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hires and assigns to this matter;

   d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

   e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   f)  any person a Party retains to serve as an expert witness in connection with this action;

g)   stenographers engaged to transcribe depositions the Parties conduct in this action; and

h)   this Court, including any appellate court, its support personnel, and court reporters.

8. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.  All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

9. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  In accordance with the Steps for E-Filing Sealed Documents for Civil Cases in the United States District Court for the Eastern District of New York (the "Steps for E-Filing"),[1] the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  In accordance with the Steps for

---

[1] United States District Court for the Eastern District of New York, *Steps for E-Filing Sealed Documents – Civil Cases* (June 29, 2017), USCOURTS.GOV, https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf.

E-Filing, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.  The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement after a good faith meet-and-confer, a Party may seek relief from this Court by filing a motion pursuant to paragraph 2(B) of this Court's Individual Motion Practices and Rules.

11. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement after a good faith meet-and-confer, a Party may seek relief from this Court by filing a motion pursuant to paragraph 2(B) of this Court's Individual Motion Practices and Rules.  A Party that notifies the other Party that it believes any document should be treated as attorneys' eyes only shall not be required to produce such document until the procedures in this paragraph have been exhausted except in the event that the other Party agrees to maintain the document as attorneys' eyes only pending resolution of the procedures set forth in this paragraph.

12. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for

any business, commercial, competitive or other purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

13. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

14.  Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Within 60 days of the final disposition of this action – including all appeals – Confidential Discovery Material shall be promptly returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

17. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.


SO STIPULATED AND AGREED.


By: /s/ John J. Thompson _____     By:  /s/ Jenny H. Kim _____

John J. Thompson, Esq.              Jenny H. Kim, Esq.
**THOMPSON & SKRABANEK, PLLC**       **BERG & ANDROPHY**
*Attorneys for Plaintiff*            *Attorneys for Defendants*
42 W. 38th Street, Suite 1002        120 West 45th Street, 38th Floor
New York, NY 10018                   New York, New York 10036


DATED:    New York, New York         DATED:   New York, New York
          May 18, 2020                        May 18, 2020



**SO ORDERED.**



Dated:                    _____

New York, New York              ROBERT M. LEVY
                                United States Magistrate Judge

<u>Exhibit A</u>
to Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LIAM VARN,

*Plaintiff,*

v.

ORCHESTRADE, INC., and HAKIM
ERHILI,

*Defendants.*

---

**Case No. 1:19-cv-02875-MKB-RML**


**NON-DISCLOSURE**
**AGREEMENT**

I, _____, acknowledge that I have read and understand

the Protective Order in this action governing the non-disclosure of Discovery Material that has

been designated as "Confidential."  I agree that I will not disclose such Confidential Discovery

Material to anyone other than for purposes of this litigation and that at the conclusion of the

litigation I will return all discovery information to the Party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Eastern District of

New York for the purpose of any issue or dispute arising hereunder and that my willful violation

of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Dated:

8